**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **JAMES BLAKNEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-cv-04339 (APM)** |
| | ) | |
| **MEDICAL TRANSPORTATION** | ) | |
| **MANAGEMENT, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>ORDER</u>

Before the court is Defendant Medical Transportation Management, Inc.'s ("MTM") Motion to Dismiss Count One, ECF No. 14. It is hereby granted. Little needs to be said to explain why.

The D.C. Circuit in *Shanks v. International Union of Bricklayers and Allied Craftworkers*, 134 F.4th 585 (D.C. Cir. 2025), cited approvingly to the Second Circuit's decision in *Mandala v. NTT Data, Inc.*, 975 F.3d 202 (2d Cir. 2020), to explain what a plaintiff must plead to establish a plausible disparate impact claim. *Shanks*, 134 F.4th at 592–94 (citing *Mandala*, 975 F.3d at 207, 209–10). *Mandala* is on all fours with this case. There, as here, the plaintiffs asserted that the employer's "alleged policy not to hire persons with certain criminal convictions has a disproportionately large effect on African-American applicants." 975 F.3d at 205; *see* Compl., ECF No. 1, ¶ 32 ("MTM's policy and practice of denying job opportunities to employees with certain charges and convictions has a discriminatory effect on Black workers."). The *Mandala* plaintiffs attempted to support their claim with statistics showing that "African Americans are

arrested and incarcerated at higher rates than [w]hites, relative to their share of the national population." 975 F.3d at 206 (internal quotation marks omitted). The plaintiffs did not, however, "provide [any] allegations to demonstrate that national arrest or incarceration statistics are in any way representative of the pool of potential applicants qualified for a position at [the employer]." *Id.* at 211. All they offered was "the conclusory and unsupported assertion that these figures are so stark that they must hold true for this (or any) segment of the population." *Id.* But "that is not a plausible—or, for that matter, logical—inference," the court reasoned, so it affirmed the claim's dismissal. *Id.*

Plaintiff's pleading here suffers from the exact same deficiency. He relies solely on national and regional statistics showing that African Americans are arrested and incarcerated at disproportionate rates relative to their share of the relevant populations. *See* Compl. ¶¶ 34–38. But nowhere does he make allegations about "racial disparities in [MTM's] existing workforce or the demographics of qualified applications that [MTM] has rejected [or fired] as a result of its [disqualifying convictions] policy." 975 F.3d at 206. For that reason, just as in *Mandala*, Plaintiff fails to state a plausible claim of disparate impact.

Count One is therefore dismissed.

Dated: April 15, 2026

Amit P. Mehta
United States District Judge